```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MISSOURI
                             EASTERN DIVISION


CORNELL WHITE,                    )
                                  )
            Petitioner,           )
                                  )
      v.                          )     No. 4:03CV415 FRB
                                  )
MICHAEL KEMNA,                    )
                                  )
            Respondent.           )
```

## MEMORANDUM AND ORDER

This cause is before the Court on "Petitioner's Objections to Magistrate's Report and Recommendation" (filed October 6, 2006/ Docket No. 61). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Missouri state prisoner Cornell White brought this action pursuant to 28 U.S.C. § 2254 seeking federal habeas relief. In a Memorandum and Order entered September 25, 2006, petitioner White's petition for writ of habeas corpus was denied by the undersigned inasmuch as the claims raised therein were non-cognizable in this proceeding, procedurally defaulted, or without merit. The undersigned further determined not to issue a certificate of appealability in the cause.

A review of the instant pleading shows petitioner to believe that this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) to make proposed findings and recommendations, which would thereby permit him to make written objections thereto.

A review of the file shows, however, that all parties, including petitioner White, voluntarily consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and specifically, for the undersigned to "conduct any and all further proceedings in the case, including trial and entry of a final judgment, with direct review by the Eighth Circuit Court of Appeals if any appeal is filed." (See Consent to Juris. by a U.S. Mag. Judge, full consent obtained and filed Apr. 16, 2003/Docket No. 7.) In accordance with 28 U.S.C. § 636(c) and the parties' consent, therefore, the undersigned proceeded with the cause through final judgment, with the Memorandum and Order entered September 25, 2006, constituting such final judgment.

Nevertheless, the Court will construe petitioner's written objections to be a Motion for Relief from Judgment filed pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure. Under Rule 60(b)(6), a Court may grant relief from judgment for a "reason justifying relief from the operation of judgment." Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented him from seeking redress through the usual channels. Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005); Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994). "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." Atkinson, 43 F.3d at

373. Further, Rule 60(b) cannot be used as a substitute for a timely appeal. <u>Hunter v. Underwood</u>, 362 F.3d 468, 476 (8th Cir. 2004).

In his written objections, petitioner again challenges the procedural course of his post-conviction proceedings, and specifically the conduct of his counsel and the court of appeals, found by this Court to be non-cognizable in this federal habeas proceeding. Petitioner further contends that the conduct of post-conviction counsel and the court of appeals on post-conviction review constituted cause excusing his procedural default. Petitioner also argues that this Court erred in its analysis of petitioner's claim of actual innocence by erroneously finding that new evidence must be submitted to support the claim, and further by failing to review petitioner's defaulted claims which would have shown petitioner's actual innocence. Finally, petitioner claims that the evidence of record fails to support the Court's findings as to Grounds 1 and 8 of the petition, which were denied on their merits.

Upon consideration of petitioner's objections, the undersigned finds petitioner to have failed to show exceptional circumstances warranting Rule 60(b)(6) relief. Throughout the course of these proceedings, petitioner had ample opportunity to address and argue his claims to this Court with numerous filings of briefs, traverses and supplements thereto. Nothing shows that petitioner was unable to fully and fairly litigate his claims or to seek redress through the usual channels. Further, this Court's Memorandum and Order of September 25, 2006, addressed all of petitioner's claims and

related arguments and thoroughly set out the reasons for denying petitioner relief, including a thoughtful analysis of petitioner's non-cognizable claim as well as why petitioner failed to overcome his procedural default of other claims. The discussion and analysis of petitioner's claims addressed on the merits were based on a complete review of the record and supported by relevant authority. Petitioner's mere disagreement with the Court's determination is insufficient to warrant Rule 60(b) relief. See <u>Bilal v. Kaplan</u>, 956 F.2d 856, 857 (8th Cir. 1992). Accordingly, the undersigned determines not to relieve petitioner from the operation of this Court's judgment, properly arrived at.

Therefore,

**IT IS HEREBY ORDERED** that "Petitioner's Objections to Magistrate's Report and Recommendation" (Docket No. 61), construed by the Court as a Motion for Relief from Judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _11th_ day of October, 2006.