UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELL WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                        ) | No. 4:03-CV-00415 RHH |
| ) | |
| JEREMIAH JAY NIXON, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed habeas corpus matter is before the Court on petitioner's "Notice of Motion & Motion for Indication that the Court Would Grant or Entertain a Motion for Relief from Judgment; Memorandum of Points and Authorities." In his motion, petitioner, who is incarcerated in Southeast Correctional Center (SECC) in Charleston, Missouri, argues his judgment of conviction should be set aside under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Having reviewed the motion and the relevant case law, the Court has concluded that petitioner is not entitled to relief. His motion will be denied.

**Background**

In 1998, following a jury trial in St. Louis County, petitioner was convicted of two counts of murder in the second degree and two counts of armed criminal action and sentenced as a prior and persistent offender to four consecutive terms of life imprisonment. *See State v. White*, 9 S.W.3d 643 (Mo. Ct. App. 1999). Petitioner sought state and federal habeas relief after the conviction. Petitioner's federal habeas petition was denied on September 25, 2006. *White v. Kemna*, 4:03-CV-00415 FRB (E.D.Mo.). On February 16, 2007, the United States Court of Appeals for the Eighth

Circuit denied petitioner's application for a certificate of appealability and dismissed the appeal. *White v. Kemna*, No. 06-3702 (8th Cir. 2007).

## Discussion

### A. Petitioner's Argument

On September 2, 2025, petitioner filed the instant "Notice of Motion & Motion for Indication that the Court Would Grant or Entertain a Motion for Relief from Judgment; Memorandum of Points and Authorities," in which he challenges the procedural course of his post-conviction proceedings, specifically the conduct of his counsel and the rulings of the Missouri Court of Appeals and their ramifications on this federal habeas action. Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party ... from a final judgment, order, or proceeding for" reasons including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Petitioner argues that the conduct of his post-conviction counsel and the Missouri Court of Appeals on post-conviction review constitute "cause" excusing procedural default in this habeas corpus action. He claims that the record fails to support this Court's findings as to Grounds 2, 3, 4 and 6. He further alleges that the Court's findings in the September 2006 Memorandum and Order act as a defect in the integrity of these federal habeas proceedings and states his Rule 60(b) motion cannot be considered a second or successive habeas petition.

### 1. Petitioner's Post-Conviction Claims for Relief

Because petitioner's habeas was reviewed in September of 2006, some pertinent procedural background is required. After the trial court sentenced petitioner, he appealed his conviction and sentence to the Missouri Court of Appeals, who affirmed the judgment. *See State v. White*, 9 S.W.3d 643 (Mo. Ct. App. 1999) (*White I*). Following the disposition of his direct appeal in *White I*, petitioner filed a pro se Rule 29.15 motion for post-conviction relief. The Circuit Court appointed

counsel to represent petitioner. Appointed counsel filed an amended motion with several of petitioner's pro se claims physically attached to his brief. The Circuit Court denied the motion without an evidentiary hearing. The Circuit Court then issued findings of fact and conclusions of law on the claims raised by petitioner's appointed counsel, but it did not issue findings or factual conclusions on petitioner's pro se claims.

Petitioner appealed the denial of his post-conviction motion, arguing the motion court erred in failing to issue findings of fact and conclusions of law on his pro se claims. The Missouri Court of Appeals agreed and reversed and remanded for findings of fact and conclusions of law in compliance with Rule 29.15(j) regarding the pro se claims. *See White v. State*, 57 S.W.3d 341, 344 (Mo. Ct. App. 2001) (*White II*). On remand from *White II*, the Circuit Court entered a judgment, dated October 22, 2001, denying petitioner's motion in its entirety. Petitioner appealed again. The Missouri Court of Appeals affirmed, stating, "The findings and conclusions of the motion court are based on findings of fact that are not clearly erroneous. No error of law appears." *See White v. State*, 90 S.W.3d 498, 498 (Mo. Ct. App. 2002) (*White III*). Petitioner then filed his federal habeas corpus action.

Petitioner's application for writ of habeas corpus was placed in the prison mail system on March 19, 2003. Petitioner raised eight claims for relief in this habeas action:

(1) That petitioner's convictions were not supported by sufficient evidence as to petitioner's culpable mental state and intent to aid in the murders;

(2) That petitioner was denied his due process right to access to the courts by the state appellate courts' frustration of petitioner's efforts to comply with Rule 29.15 governing post-conviction relief;

(3) That petitioner was denied effective assistance of trial counsel in that counsel failed to object when: a) the State allowed its witness to give false and misleading

testimony and then argued the truth of such testimony during closing argument; b) the State introduced evidence regarding the absence of petitioner's fingerprints and then argued such evidence during closing argument; and c) when the State shifted the burden of proof during closing argument;

(4)  That petitioner was denied effective assistance of trial counsel in that counsel failed to object when the State "hinted" at additional inculpatory evidence during closing argument;

(5)  That petitioner was denied effective assistance of trial counsel in that counsel failed to object during closing argument when the State improperly vouched for the credibility of Detective Vitt and disparaged the credibility of witnesses Bobby Carson, Nicholas Miller and Patricia Perryman;

(6)  That petitioner was denied effective assistance of trial counsel in that counsel failed to object when the State constructively amended the Information in opening statement;

(7)  That petitioner was denied effective assistance of counsel on direct appeal in that counsel failed to raise on direct appeal petitioner's claims of prosecutorial misconduct which were raised in his various claims of ineffective assistance of trial counsel; and

(8)  That the trial court erred in overruling defense counsel's objection to the prosecution's improper closing argument regarding petitioner's motive for the crime.

Respondent argued in response to petitioner's habeas action that the claim raised in Ground 2 was not cognizable and should be denied. Respondent further argued that Grounds 3, 4, 6 and 7 were procedurally barred from review because petitioner failed to raise these claims in state court. Last, respondent argued that Grounds 1, 5 and 8 were without merit and should be denied.

Petitioner argued in reply that the claims encompassed within Ground 2 should be reviewed by this Court rather than held to be "non-cognizable" because his attempts to present his claims in his Rule 29.15 proceedings were frustrated by the Missouri Courts. Specifically,

petitioner argued that his appointed counsel during his post-conviction appeal failed to include petitioner's pro se points in his appellate brief and that the Missouri Court of Appeals refused to accept and/or consider petitioner's pro se points because petitioner had counsel appointed for him. Petitioner further asserted that the Missouri Court of Appeals refused to relieve petitioner's counsel from his appointment and refused to appoint new counsel or permit petitioner to proceed pro se, thereby continuing to prevent petitioner from pursuing his pro se points on post-conviction appeal. Last, petitioner asserted that counsel's abandonment on his post-conviction appeal and the Missouri Court of Appeals' refusal to remedy such abandonment resulted in a violation of his right to due process.

The Court found, however, that petitioner's claim that the Missouri appellate courts denied him due process by frustrating his attempt to comply with Rule 29.15 failed to challenge his conviction or sentence but rather challenged the method and process by which his state collateral relief was pursued. Such a claim was not cognizable in a § 2254 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (states have no obligation to provide avenues for collateral attacks on conviction); *Kenley v. Bowersox*, 228 F.3d 934, 938 (8th Cir. 2000) (attack on constitutionality of procedure employed in state post-conviction proceeding does not test legality of sentence); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (allegation of post-conviction motion court error not cognizable in § 2254 proceeding). Additionally, to the extent petitioner was claiming that he received ineffective assistance of post-conviction counsel due to counsel's failure to properly raise all of petitioner's desired claims on post-conviction appeal, it was well established that such a claim failed to state a ground for relief in a federal habeas petition because there is no constitutional right to effective assistance of post-

conviction counsel. *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (citing *Nolan v. Armontrout*, 973 F.2d 615, 617 (8th Cir. 1992)); 28 U.S.C. § 2254(i).

Relative to Grounds 3, 4, 6 and 7, which raised various claims that petitioner was denied effective assistance of trial and/or direct appeal counsel, a similar analysis applied to those claims. A review of the record revealed that petitioner raised those claims in his Rule 29.15 motion for post-conviction relief, but such claims were not properly raised on appeal of the denial of that motion. As such, this Court found that those claims were procedurally defaulted. Petitioner argued that the substance of the claim in Ground 2 provided cause. In other words, he claimed, that the Missouri appellate courts frustrated his compliance with Missouri Supreme Court Rule 29.15 by refusing to appoint new counsel and/or permit him to proceed pro se on post-conviction appeal. This Court found petitioner's argument to be insufficient to establish cause, as petitioner's appointed counsel appealed the Circuit Court's failure to review the petitioner's pro se points in the amended motion filed by counsel.

As to this issue, the Missouri Court of Appeals reversed the decision of the Circuit Court and remanded the matter to the Circuit Court to enter findings of fact and conclusion of law on all of petitioner's claims raise in his Rule 29.15 motion. However, unlike the brief on the initial post-conviction appeal, counsel had not prepared any points relied on nor any accompanying arguments but instead submitted only petitioner's pro se points and arguments as prepared by petitioner. In addition, unlike the brief on the initial appeal, the final page did not include counsel's conclusion, signature and certificate of service but rather included only that of petitioner pro se. In an Order entered May 30, 2002, the Missouri Court of Appeals ordered this brief stricken from the record, stating:

-6-

>Counsel for Appellant has filed an Appellant's brief raising no points on appeal. Counsel then attached a statement of facts and five points prepared by Appellant pro se. Such pleadings are not appropriate. Our Local Rule 380 specifically provides that "where a party is represented by counsel, the clerk shall not accept for filing any pro se briefs, pleadings or other papers." Had counsel wished to have these points considered on appeal, then he should have included them as part of the brief prepared by counsel and officially submitted with his signature. Appellant's brief is hereby stricken. Appellant is granted until June 15, 2002 to file an appropriate brief or this appeal will be dismissed.

Counsel thereafter submitted Appellant's Substitute Statement, Brief and Argument in which the sole point raised was that trial counsel was ineffective by failing to object to the State's improper vouching of Detective Vitt during closing argument. Counsel's subsequent brief did not include petitioner's pro se claims. As the Missouri Court of Appeals refused to consider the claims raised in petitioner's pro se brief pursuant to a firmly established, regularly followed and readily ascertainable state procedural rule (Local Rule 380), this Court found during the federal habeas proceedings that it was barred from reviewing such claims by the state court's application of this independent and adequate state ground. *See Malone v. Vasquez*, 138 F.3d 711, 716-18 (8th Cir. 1998). In making this finding, this Court noted:

>The undersigned is aware of *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997), wherein the Eighth Circuit held that the petitioner's claims were not procedurally barred from review inasmuch as the petitioner did all he could do to raise them before the Missouri Court of Appeals in a pro se brief. A review of the circumstances in *Clemmons*, however, shows the Eighth Circuit's holding there not to be applicable in the instant cause. In *Clemmons*, the petitioner brought a federal habeas petition in which he raised a *Brady* claim that the State withheld exculpatory evidence prior to his trial. The district court determined such claim to be procedurally defaulted inasmuch as the claim was not raised on appeal of the denial of post-conviction relief. The Eighth Circuit disagreed, finding that in the unique circumstances of the case, *Clemmons* had fairly presented the claim to the state courts inasmuch as he had done all that he could do to present the claim for a decision on its merits. *Clemmons*, 124 F.3d at 948. Specifically, the Eighth Circuit found that Clemmons had written to his post-conviction appellate attorney and requested that all issues be preserved on appeal and that he be kept informed; that

-7-

counsel instead filed a brief without including all claims as instructed and without providing Clemmons the opportunity to review it; and that Clemmons wrote counsel and instructed him to file a supplemental brief with the additional claims, and counsel refused. Clemmons then filed a motion with the Missouri Supreme Court requesting leave to file a supplemental brief pro se, which was denied by the court without comment. *Id.* In finding these circumstances to demonstrate that Clemmons fairly presented the *Brady* claim to the state courts and not to constitute a procedural default, the Eighth Circuit stated that "Clemmons did the only thing he could do: he tried to bring the issue to the attention of the Missouri Supreme Court himself. We do not criticize that Court for refusing leave to file the supplemental brief. *Such matters are within the Court's discretion.*" *Id.* (emphasis added).

. . .

Unlike the circumstances in *Clemmons*, the court of appeals' determination here not to accept petitioner's pro se brief was not discretionary but rather was mandated by application of Mo. Ct. App. E. D. Rule 380(a) (1995). In addition, unlike in *Clemmons,* at the time petitioner's pro se brief was rejected, there existed a rule which set out the specific circumstances under which pro se filings would be allowed.

. . .

As such, the discretionary act of accepting or denying pro se briefs, pivotal in the Eighth Circuit's determination in *Clemmons*, is not applicable in the instant cause of action.

Because petitioner's claims were not fairly presented to the Court of Appeals pursuant to an independent and adequate state procedural rule, and there was no indication in the Court record showing that Rule 380 was not regularly adhered to, petitioner's claims were found to be procedurally defaulted.

### 2. Review of Petitioner's Claims Under Federal Rule of Civil Procedure 60(b)(6)

Despite the Court's denial of habeas corpus on September 25, 2006, petitioner argues in the present motion that the Court should "reopen proceedings in this case" pursuant to Federal Rule of Civil Procedure 60(b)(6). He asserts that he is entitled to assert "cause," like that espoused in *Clemmons*, so that he can have Grounds 2, 3, 4 and 6 reconsidered and reviewed

-8-

again. Petitioner insists that Missouri Appellate Rule Local Rule 380 is inadequate to create a procedural bar.

However, because Rule 380 does not give the Missouri Court of Appeals discretion, and instead mandates that, "where a party is represented by counsel, the clerk shall not accept for filing any pro se briefs, pleadings, or other papers," Mo. Ct.App. E.D. Rule 380(a), it cannot act as "cause" to excuse the procedural bar on petitioner's habeas review. As found by other courts in this District, and affirmed by the 8th Circuit, Rule 380 is a regularly followed independent and adequate state procedural rule, which is the basis for procedural default. *See Manzella v. Dormire*, No. 4:07–CV–1528–CEJ, 2010 WL 3023969, at *2 (E.D.Mo. Aug. 2, 2010) (finding Rule 380 to be firmly established, regularly followed, and readily ascertainable, thus preventing federal review of procedurally defaulted claims); *Moore v. Sachse*, 421 F.Supp.2d 1209, 1216–17 (E.D.Mo.2006) (finding claims procedurally defaulted where petitioner did not adequately present his claims to the Missouri Court of Appeals because the court refused to accept a supplemental pro se brief under Rule 380 and where "nothing before the Court shows such rule not to be regularly adhered to"); *see also Hall v. Luebbers*, 296 F.3d 685, 695 n. 4 (8th Cir. 2002) (noting that supplemental pro se briefs when represented by counsel are prohibited under Missouri Court of Appeals Rule 380).

Although petitioner insists that there is authority to the contrary, he has failed to cite to any such authority in his motion. Rather, he cites generally to a 1998 Missouri Court of Appeals case involving thirteen individual defendants charged with tampering with a judicial officer. *State v. Cella*, 976 S.W.2d 543 (Mo.Ct.App. 1998). The issue in *Cella* was whether it was error for the Circuit Court judge to refuse to recuse himself pursuant to defendants' timely motions for

change of judge. Of the thirteen defendants, seven were represented on appeal by attorneys. However, six of them were representing themselves pro se. Notably, there is nothing in *Cella* indicating that any of the defendants represented by counsel on appeal attempted to file a brief pro se in front of the Court of Appeals. Nor is there any mention by the appellate court of Rule 380. In sum, petitioner has failed to provide any evidence that he is entitled to have his application for writ of habeas corpus reopened under Federal Rule of Civil Procedure 60(b)(6).

### 3. Petitioner's Claims Are Successive

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Id.*

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits*.'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 at 530, 532 (2005)). "On the merits refers to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a Rule

60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA." *Id.* (internal citations omitted).

Petitioner's motion argues that Grounds 2, 3, 4 and 6 should be reconsidered and reviewed again. He insists that Missouri Appellate Rule Local Rule 380 is inadequate to create a procedural bar. These are the same claims petitioner made in his prior habeas in this Court, wherein he asserted a federal basis for relief from the Missouri state court's judgment of conviction. Accordingly, the Court believes the instant motion must be treated as a second or successive habeas petition under the AEDPA. *See Ward*, 577 F.3d at 933.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, petitioner's "Notice of Motion & Motion for Indication that the Court Would Grant or Entertain a Motion for Relief from Judgment; Memorandum of Points and Authorities," which the Court construes as a motion for relief from judgment under Rule 60(b) as well as a successive petition for writ of habeas corpus, shall be denied.

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman*

-11-

*v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Notice of Motion & Motion for Indication that the Court Would Grant or Entertain a Motion for Relief from Judgment; Memorandum of Points and Authorities," which the Court construes as a motion for relief from judgment under Rule 60(b), as well as a successive petition for writ of habeas corpus, is **DENIED**. [ECF No. 83]

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **DENIED as moot**. [ECF No. 84]

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 15th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE